IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02335-WYD-CBS

CYNTHIA MOLTZ BRAY, as the personal representative of JOHN BRAY,

    Plaintiff,

v.

SUN LIFE AND HEALTH INSURANCE COMPANY (U.S.), f/k/a GENWORTH LIFE AND HEALTH INSURANCE COMPANY, a Connecticut Insurance Company; and MANAGEMENT SERVICES INDUSTRY GROUP INSURANCE FUND, an ERISA multiple employer welfare arrangement plan,

    Defendants.

## ORDER ON PENDING MOTIONS

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on Plaintiff Bray's Motion to Lift Stay (doc. # 39) and Third Motion for Leave to Amend Complaint (doc. # 40), both filed on April 12, 2010. Initially, only Ms. Bray's motion to amend was referred to the Magistrate Judge (doc. # 41) with a hearing set for May 21, 2010. At the hearing, the parties and the court agreed that both motions should be ruled on concurrently. Accordingly, the Motion to Lift Stay was referred to the Magistrate Judge on May 26, 2010 (doc. # 48). The court has carefully considered the parties' briefs and attached exhibits, the oral arguments of counsel and the applicable case law, and is sufficiently advised in the premises. For the reasons set forth below, Ms. Bray's Motion to Lift Stay and Third Motion for Leave to Amend Complaint are granted.

1

**STATEMENT OF THE CASE**

John Bray, deceased, commenced this civil action on October 28, 2008 by filing a Complaint (doc. # 1) against Sun Life and Health Insurance Company ("Sun Life") and Management Services Industry Group Insurance Fund ("Management"). Management provided long term disability ("LTD") benefits to Mr. Bray's former employer, PhoCus Wright, Inc. ("PhoCus"), and Sun Life was responsible for making benefit determinations and paying any benefits due. Mr. Bray's original Complaint sought LTD benefits which he claimed were wrongfully denied by Sun Life.

According to Mr Bray, his termination from PhoCus on October 4, 2006 was "due to work performance issues that were a direct result of a disabling glioblastoma multiforme (a type of brain tumor)." Mr. Bray alleged he was suffering from the brain tumor before his termination even though he was not properly diagnosed until May 21, 2007. The brain tumor led to Mr. Bray's death on December 16, 2008. Cynthia Moltz Bray, Mr. Bray's surviving spouse, was substituted as Plaintiff with an Order (doc. # 16) on March 17, 2009.

On May 14, 2009, Ms. Bray filed an Unopposed Motion for Leave to File Amended Complaint (doc. # 22) adding her claim for survivor benefits as Mr. Bray's beneficiary.[1] On June 23, 2009, Ms. Bray's Unopposed Motion to Stay the Case (doc. # 29) was granted pending her exhaustion of administrative remedies relating to life insurance claim against Sun Life. Ms. Bray moved to stay the instant action specifically with the intent to consolidate her life insurance claim with her pending LTD claim.

---

[1]Mr. Bray first amended the Complaint on November 7, 2008 seeking de novo review and dropping one of three claims for relief. (*See* doc. # 4).

In moving for leave to file her proposed Third Amended Complaint (doc, # 40-1), Ms. Bray argues that Sun Life failed to take timely action on her administrative appeal filed on July 30, 2009. With the instant motions filed on Aril 12, 2010, Plaintiff contends that "[b]ecause there has been no decision from Sun Life, [her] claim is 'deemed exhausted' pursuant to ERISA regulations, and Ms. Bray is 'entitled to pursue any available remedies under section 502(a) of [ERISA].'"[2] Ms. Bray further reasons that the current stay no longer serves any purpose as Sun Life's administrative review process has come to a conclusion through Defendant's own failure to comply with applicable regulations.

Defendants responded to Plaintiff's motions with separate Responses (doc. ## 43 and 44) on April 22, 2010. In opposing Ms. Bray's Third Motion for Leave to Amend Complaint, Defendants initially argued that Plaintiff was improperly attempting to assert a claim "before a final decision has been made on her eligibility for benefits under the terms of the plan." According to Defendants, "[t]he law does not permit [Ms. Bray] to file suit before exhausting the plan's administrative remedies." In the same Response, Defendants argued that they would be prejudiced if Plaintiff was allowed to join in this action "an entirely different claim under a different plan and a different insurance certificate" reflected in a "different administrative record." As for Plaintiff's Motion to Lift Stay, Defendants indicate that "[o]nce the Court denies the motion for leave to amend, Defendants have no objection to lifting the stay so the disability claim can proceed before the court."

---

[2]Ms. Bray's Motion to Lift Stay also signaled her "intent[ion] to file a motion seeking a *de novo* standard of review, based on Sun Life's failure to render a decision in a timely manner."

On July 15, 2010, Ms. Bray filed a Supplement to Motions to Lift Stay and to Amend Complaint (doc. # 50). This Supplement forwarded for the court's consideration additional correspondence between Ms. Bray's counsel and Sun Life representatives pertaining to the pending appeal. Plaintiff continued to insist that Sun Life's dilatory conduct meant her claim was "deemed exhausted."

Defendants filed a Response to Plaintiff's Supplement (doc. # 52) on July 30, 2010. In pertinent part, Defendants informed the court that "a decision has now been made on [Ms. Bray's] claim and a copy of that decision was delivered to counsel for Plaintiff on July 29, 2010." Defendants contend that "[b]y virtue of the determination on appeal, Plaintiff's Motion to Lift the Stay is moot and should be denied." Defendants continue to argue that Plaintiff filed her motion for leave to amend for an improper purpose and that the motion should be denied "to avoid the possibility of any confusion over the records and the evidence that is properly before the Court."

## ANALYSIS

The parties acknowledge that Defendants' decision denying Ms. Bray's administrative appeal eliminates the rationale for the previously requested stay and effectively renders superfluous Plaintiff's Motion to Lift Stay (doc, # 39). Accordingly, Plaintiff's Motion to Lift Stay is granted and this action will proceed. The only open question before this court relates to the scope of the action. As to that issue, Defendants continue to oppose Plaintiff's Third Motion for Leave to Amend Complaint (doc. # 40).

The court has broad discretion when ruling on a motion for leave to amend. *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). Motions to amend are freely

4

granted under Fed R. Civ. P. 15(a); however, the court can refuse to grant a motion based on timeliness, bad faith, prejudice to the non-moving party, or futility. *Moore v. Reynolds*, 153 F.3d 1086, 1116 (10th Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)). This court finds no evidence to suggest bad faith or undue delay on the part of Ms. Bray. Certainly, Ms. Bray has never concealed her desire to consolidate all her claims in a single action. Rather, Defendants contest the motion to amend on the grounds of prejudice and an alleged failure to exhaust ERISA's administrative remedies.

Defendants contend that allowing Ms. Bray to add a life insurance claim to the existing LTD claim would be unfairly prejudicial and confusing because each claim would involve different eligibility requirements, policy provisions and separate administrative records. According to Defendants, "[c]onsolidating the two claims into a single lawsuit . . . *could* result in undue prejudice to Defendant." *See* Defendants' Response in Opposition, at 8-9 (emphasis added). However, Defendants support this bald conclusory statement with neither facts nor legal precedent. *Cf. Bryn Mawr Hospital v. Coatesville Electical Supply Co.*, 776 F. Supp. 181, 186 (E.D. Pa. 1991) (holding that under Rule 15(a), a non-moving party must do more than simply claim prejudice; the non-moving party must show that it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence).

Defendants' contention that combining the two claims would confuse the court is also unfounded. District judges frequently are required to review administrative records. There is no reason to believe that the district court cannot distinguish between the terms, conditions and administrative records implicated by the claims raised by Ms. Bray. Moreover, any risk of confusion should be allayed through the parties' motion practice. *Cf. Summer H v. Hawaii*

5

*Department of Education*, 2007 WL 1153807, at *7 (D. Hawaii 2007) (acknowledging that the "district judge is capable of reviewing the administrative record . . . with the assistance of briefing from the parties, if necessary").

When Ms. Bray filed her Unopposed Motion to Stay (doc. #29) and the parties jointly filed their fourth status report (doc. # 37), there was the implicit expectation that Plaintiff's claims would be addressed in a single action. In granting Plaintiff's Unopposed Motion to Stay (doc. # 29), Chief Judge Daniel acknowledged that "should the life insurance claim be denied, [Ms. Bray] intends to consolidate that claim with the present case." I do not find that consolidating Plaintiff's claims in a single action would result in any prejudice to Defendants. Plaintiff's motion to amend is granted.

Granting Ms. Bray's motion to amend necessarily raises issues as to the scope of the administrative record and the standard of review that will govern her life insurance claim. *See, e.g., LaAsmar v. Phelps Dodge Corporation Life, Accidental Death & Dismemberment and Dependent Life Insurance Plan*, 605 F.3d 789, 798-800 (10th Cir. 2010) (in a case where plan administrators issued a belated denial of an administrative appeal, the appellate court applied a *de novo* standard of review, but declined to decide whether the "substantial compliance" standard still applies in the wake of revisions to 29 C.F.R. § 2560.503-1); *Kohut v. Hartford Life and Accident Insurance Co.*, 2008 WL 5246163, at *4-5 (D. Colo. 2008) (declining to apply a *de novo* standard of review based on defendant's untimely decision on plaintiff's administrative appeal; finding that prior Tenth Circuit decisions had no precedential force as they addressed a now-superceded regulation). Plaintiff's counsel has hinted at future motions that will address these very issues. I am not required to resolve, or even address, those issues in the context of the

6

instant motions referred to this court.

## CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's Motion to Lift Stay (doc. # 39) and Plaintiff's Third Motion for Leave to Amend Complaint (doc. # 40) are GRANTED. Plaintiff's Third Amended Complaint is deemed filed as of the date of this Order.

DATED this 23rd day of August, 2010.

BY THE COURT:

s/ Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge