UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-02335-WYD-CBS

CYNTHIA MOLTZ BRAY, as the personal representative of JOHN BRAY,

    Plaintiff,

v.

SUN LIFE AND HEALTH INSURANCE COMPANY (U.S.), f/k/a GENWORTH LIFE AND HEALTH INSURANCE COMPANY, a Connecticut Insurance Company; and MANAGEMENT SERVICES INDUSTRY GROUP INSURANCE FUND, an ERISA multiple employer welfare arrangement plan,

    Defendants.

## ORDER

THIS MATTER is before me on Plaintiff's Motion to Determine Standard of Review [ECF No. 57], filed September 27, 2010.  I have also considered Defendants' Response [ECF No. 58]; Plaintiff's Reply [ECF No. 61]; Defendants' Surreply [ECF No. 65]; and Defendants' Submission of Supplemental Authority [ECF No. 66].

**I.     BACKGROUND**

This lawsuit involves ERISA claims for long term disability ("LTD") benefits and extended life insurance benefits under two separate policies issued by Sun Life.  Ms. Bray's husband, John Bray, initially brought this lawsuit based on Sun Life and Health Insurance Company's ("Sun Life") denial of his disability claim under a LTD policy provided by this prior employer, PhoCusWright, Inc.  After Mr. Bray died, Ms. Bray became the Plaintiff in his case by Order of Substitution dated March 17, 2009.

On August 23, 2010, Magistrate Judge Shaffer granted Ms. Bray's motion to amend her complaint to add the life insurance claim to the LTD claim. Ms. Bray's claim for life insurance benefits is based on a separate policy and a separate administrative record, neither of which is yet before the court. Defendants opposed Ms. Bray's motion to amend her complaint arguing that the two claims involve different eligibility requirements, policy provisions, and separate administrative records.

In the motion now before the Court, Ms. Bray asks that I make a determination regarding the standard of review that should apply in reviewing her claim. She argues that the standard of review should be *de novo* for several reasons. First, she contends that C.R.S. § 10-3-1116, a relatively new Colorado statute that limits the discretion which can be reserved to an insurer, mandates a *de novo* standard. Second, she contends that Sun Life's failure to render a timely determination on her life insurance claim mandates a *de novo* standard. She does not distinguish well between the claim for LTD benefits and the life insurance claim in her arguments regarding the standard of review.

Sun Life responds that C.R.S. § 10-3-1116 is inapplicable and cannot be applied retroactively. Sun Life further contends that Supreme Court precedent has abrogated the cases relied on by Ms. Bray with respect to Sun Life's delay in deciding her claim, and further, even if it has not, Sun Life's decision on Ms. Bray's life insurance claim was timely. Any delays, Sun Life asserts, were the result of Ms. Bray's own actions. Sun Life further contends that Ms. Bray is improperly attempting to merge her claim for LTD benefits with her life insurance claim.

**II.    ANALYSIS**

In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989), the Supreme Court established the basic framework for determining the standard of review in ERISA cases that challenge the denial or termination of benefits. "[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone*, 489 U.S. at 115. As such, a determination of the standard of review would ordinarily begin with the terms of the plan.  Here, however, Ms. Bray notes that because Sun Life has "not yet produced the claim file in the matter, Plaintiff cannot determine whether or not discretion has been properly granted to Sun Life." (Pl.'s Mot. ECF No. 57 p. 5).  Ms. Bray argues that even so, I should determine that a *de novo* standard should apply given the passage of C.R.S. § 10-3-1116 and due to Sun Life's failure to render a timely determination on Ms. Bray's claim.

I agree with the Defendants that C.R.S. § 10-3-1116 is inapplicable because the Tenth Circuit has conclusively held that the Colorado Statute does not apply retroactively.  *McClenahan v. Metropolitan Life Ins. Co.*, 2011 WL 971061, at *2 (10th Cir. March 21, 2011). ("[U]nder Colorado Supreme Court precedent, the statute here can't be applied to MetLife's claim determination, and the district court properly reviewed MetLife's decision in this case for abuse of discretion.").  To find that the Colorado statute applies to a policy issued prior to the effective date of the statute would alter the defined obligations and duties entered into by the parties "and would, in effect,

create new and enhanced obligations and duties" for Sun Life. *McClenahan v. Metropolitan Life Ins. Co.*, 621 F.Supp.2d 1135, 1143 (D.Colo.2009) (aff'd, 2011 WL 971061, at *2 (10th Cir. March 21, 2011)). Decisions from other district courts are in accord when interpreting similar state regulations. *See e.g. Marszalek v. Marszalek & Marszalek Plan*, 485 F.Supp.2d 935, 938 (N . D.Ill.2007) (Holding that an Illinois regulation prohibiting discretionary clauses in disability plans and other health insurance contracts is not retroactive and therefore fails to invalidate discretionary clauses in insurance policies issued prior to the effective date of the policies.); *Garvey v. Piper Rudnick LLP Long Term Disability Ins. Plan*, 2011 WL 1103834, at * 2 (N.D.Ill. March 25, 2011) (same). Because the policies in this case were issued prior to the August 6, 2008 effective date of the Colorado statute, the Colorado statute is inapplicable.

For the first time in her reply brief, Ms. Bray also argues that any discretionary authority reserved to Sun Life's predecessor–the original signatory to the contracts at issue here–was not passed on to Sun Life. I disagree. Sun Life, as the successor company, acquired both rights and the obligations under the policy. Ms. Bray does not cite any authority to the contrary.

Ms. Bray further argues that a *de novo* standard should apply because Sun Life unreasonably delayed in rendering a determination on her life insurance claim. Ms. Bray does not argue in her motion that Sun Life failed to comply with the ERISA timelines with respect to the LTD claim. As such, any arguments with respect to Sun Life's delays do not effect the standard of review that should apply to the LTD claim. With respect to the life insurance claim, Ms. Bray contends that while Sun Life should

have rendered a decision within 45 days, it actually took more than a year to review the denial of her claim. She asserts that her claim has been "deemed exhausted" and that application of a *de novo* standard of review is therefore appropriate.

Defendant responds that the Supreme Court decision in *Conkright v. Frommert*, __ U.S. __, 130 S.Ct. 1640 (2010) abrogated the cases relied on by the Plaintiff which discuss *de novo* review based on an insurer making an untimely decision. The Defendant argues that even if such precedent stands, Sun Life "substantially complied" with the required deadlines and therefore *de novo* review would be inappropriate.

I find that a ruling with respect to these issues would be premature. The Tenth Circuit in *LaAsmer v. Phelps Dodge Corp*, which was decided after the *Conkright* case cited by Defendants, held that deference granted to an insurer may be reduced based on the insurer's failure to render a timely decision. *LaAsmer v. Phelps Dodge Corp*, 605 F.3d 789, 799 (10th Cir. 2010) ("Although MetLife eventually denied the LaAsmars' claim on administrative review, it did so substantially outside the time period within which the Plan vested it with discretion to interpret and apply the Plan. Thus, it was not acting within the discretion provided by the Plan.").

Whether the delay in this case is attributable to acts by Ms. Bray and her attorney, or whether Sun Life is responsible for the delay, is a question more appropriately reserved for consideration in connection with a fuller briefing and with the benefit of the administrative record.[1] Sun Life asserts that Ms. Bray's claim was tolled

---

[1] I note that contrary to Ms. Bray's argument in her reply brief, Magistrate Judge Shaffer did not determine that Ms. Bray was not at least partially responsible for the delay in Sun Life's determination of her life insurance Claim. Rather, Magistrate Judge

and that the parties engaged in a meaningful dialogue about her appeal.  Ms. Bray asserts that Sun Life did not engage in a meaningful dialogue, but rather ignored numerous requests for explanation about the necessity of a blanket authorization form. While Sun Life contends that Ms. Bray did not produce all the relevant requested information it required for her appeal, Ms. Bray contends that the information was not relevant to the claim determination.  The relevancy of the information sought and whether Sun Life substantially complied with required deadlines should be determined with the benefit of the complete administrative record.  Although Sun Life contends that a "cursory review by this Court will lead to the conclusion that Sun Life's investigation was proper and justified," this Court is not in the business of undertaking superficial reviews when justice requires depth.  (Def.'s Resp. ECF No. 58 p. 17).  As such, I decline to rule on the effect the delay may have had on the appropriate standard of review with respect to Ms. Bray's life insurance claim.

## III.    CONCLUSION

For the reasons stated above, it is

ORDERED that Plaintiff's Motion to Determine the Standard of Review [ECF No. 57] is **DENIED** without prejudice.  Plaintiff and Defendants may make further arguments, consistent with this Order, regarding the appropriate standard of review, in connection with briefing on the merits.  It is

FURTHER ORDERED that on or before August 22, 2011, the parties shall jointly

---

Shaffer determined that Ms. Bray had not unduly delayed in filing her motion to amend the complaint. (Order, ECF No. 54, p. 5).

contact Magistrate Judge Shaffer's Chambers to set an amended briefing schedule.

Dated: August 3, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge